**David Isaiah GARRIS, Appellant,**

v.

**Charles S. LINDSAY, Administrator, Maximum Security Facility, et al.**

**No. 84–5528.**

United States Court of Appeals, District of Columbia Circuit.

July 1, 1986.

Joseph E. diGenova, U.S. Atty. and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on appellee's motion to dismiss appeal.

Patrick M. Hanlon, Washington, D.C., was on appellant's response in opposition to motion to dismiss appeal.

Before ROBINSON, Chief Judge, and STARR and BUCKLEY, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellant, a District of Columbia prisoner, noticed this appeal from the District Court's denial of his petition for a writ of habeas corpus. The Government moves to dismiss the appeal for lack of jurisdiction. Since appellant has not obtained a certificate of probable cause to appeal [1] or shown that a certificate is warranted, we are without power to entertain the appeal. Accordingly, we grant the motion.

## I

Appellant was convicted in the Superior Court of the District of Columbia of murder and related offenses. The District of Columbia Court of Appeals affirmed the convictions, specifically rejecting appellant's Sixth Amendment claim that the Superior Court improperly refused his mid-trial request for leave to represent himself.[2] Subsequently, the Court of Appeals rejected appellant's bid for rehearing *en banc*,[3] and the Supreme Court denied his petition for certiorari.[4]

Appellant then filed his habeas corpus petition in the District Court.[5] That court, *sua sponte*, dismissed the petition [6] on authority of the Supreme Court's decision in *Swain v. Pressley*.[7] Appellant then noticed this appeal and simultaneously moved the District Court for a certificate of proba-

---

1. See 28 U.S.C. § 2253 (1982), quoted in pertinent part *infra* text at note 12.

2. *Garris v. United States,* 465 A.2d 817, 820 (D.C. 1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1013, 79 L.Ed.2d 243 (1984); see *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

3. *Garris v. United States,* Nos. 81–397, 82–794 (D.C. Oct. 20, 1983) (order). Three judges dissented from this order.

4. See note 2 *supra.*

5. The petition was filed pursuant to 28 U.S.C. § 2241 (1982).

6. *Garris v. Lindsay,* Civ. No. 84–2114 (D.D.C. July 11, 1984) (endorsement on complaint).

7. 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977); see text *infra* at note 21; see also *Jackson v. Jackson,* 491 F.Supp. 445, 446 (D.D.C. 1980).

ble cause.[8] Without acting on appellant's motion, the District Court transmitted the notice of appeal to this court, and later, stating merely that "a notice of appeal has been previously filed," denied the motion as moot.[9]

In this collateral proceeding, appellant raises the same Sixth Amendment issue that was presented and decided on his direct appeal. Appellant acknowledges that he is foreclosed from relitigating that issue through a motion for post-conviction relief in the Superior Court.[10] He argues, however, that this very inability to do so rendered the remedy by motion inadequate,[11] and enabled the District Court to consider his habeas corpus petition. We disagree.

## II

■ Congress has ordained that

[a]n appeal may not be taken to [a federal] court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause.[12]

This requirement is both mandatory and jurisdictional.[13] As we have observed, the District Court denied appellant's motion for a certificate of probable cause, but on the ground—which we cannot accept—that the motion was moot because the appeal had already been taken.[14] Treating appellant's

8. Motion for Certification of Probable Cause, *Garris v. United States,* Civ. No. 84–2114 (D.D.C.) (filed Aug. 2, 1984). A certificate of probable cause is a jurisdictional prerequisite to an appeal by a state prisoner from the denial of a federal habeas corpus petition. See 28 U.S.C. § 2253 (1982), quoted in pertinent part *infra* text at note 12; Fed.R.App.P. 22(b), quoted *infra* note 12; see also *McCarthy v. Harper,* 449 U.S. 1309, 1310–1311, 101 S.Ct. 827, 828, 66 L.Ed.2d 782, 784 (1981) (Rehnquist, J., in chambers). District of Columbia prisoners are "state" prisoners for purposes of this requirement. *Streater v. United States,* 478 A.2d 1055, 1059 n. 3 (D.C.1984) (concurring opinion) (District of Columbia prisoner required to obtain certificate of probable cause); see also *Swain v. Pressley, supra* note 7, 430 U.S. at 375 n. 4, 97 S.Ct. at 1226–1227 n. 4, 51 L.Ed.2d at 416 n. 4 (observing that the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, 84 Stat. 473, created "a system of courts analogous to those found in the States").

9. Motion for Certification of Probable Cause, *supra* note 8, at 2 (endorsement on motion).

10. *Atkinson v. United States,* 366 A.2d 450, 452–453 (D.C.1976); see D.C.Code Ann. § 23–110 (1981), quoted *infra* note 19.

11. See D.C.Code Ann. § 23–110(g) (1981), quoted *infra* note 19.

12. 28 U.S.C. § 2253 (1982); see also Fed.R. App.P. 22(b), providing:

In a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause. If an appeal is taken by the [habeas corpus] applicant, the district

judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge. If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate. If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals. If an appeal is taken by a state or its representative, a certificate of probable cause is not required.

13. See, e.g., *McCarthy v. Harper, supra* note 8, 449 U.S. at 1310–1311, 101 S.Ct. at 828, 66 L.Ed.2d at 784. The certificate need not, however, be sought or obtained within the time prescribed for filing a notice of appeal. See *Klier v. Wainwright,* 464 F.2d 1245, 1248 (5th Cir.1972), *cert. denied,* 409 U.S. 1129, 93 S.Ct. 945, 35 L.Ed.2d 262 (1973).

14. The filing of the notice of appeal did not moot appellant's motion because the appeal, though launched, could not go forward without a certificate of probable cause. As the court explained in *Klier v. Wainwright, supra* note 13,

[i]t is true that § 2253 provides that an appeal may not be "taken" in habeas corpus actions attacking state detention unless a certificate of probable cause is issued, but this must be read to mean, not that a notice of appeal may not be filed with its usual effect, but that the

notice of appeal as a request that we issue such a certificate,[15] we are called upon to determine whether we should do so to enable this appeal to proceed.[16]

It was to prevent frivolous appeals from impeding a state's ability promptly to effectuate sentences imposed by its courts that Congress insisted that a state prisoner obtain a certificate of probable cause to proceed with a habeas corpus appeal.[17] And "[i]t is generally agreed that probable cause requires something more than the absence of frivolity[;] ... [it] requires petitioner to make a 'substantial showing of the denial of a federal right.'"[18] Appellant has made no such showing in the case before us.

■ As we have indicated, a prisoner under a sentence imposed by the Superior Court of the District Court of the District of Columbia may collaterally challenge the constitutionality of his conviction by moving in that court for vacatur of his sentence.[19] The prisoner may also, if unsuccessful on his motion in the Superior Court, prosecute an appeal to the District of Columbia Court of Appeals.[20] In *Swain v.*

---

appeal may not proceed until a certificate of probable cause is issued.
464 F.2d at 1248 (quoting *Fitzsimmons v. Yeager*, 391 F.2d 849, 854 (3d Cir. *en banc*), cert. denied, 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968)).

**15.** See Fed.R.App.P. 22(b), quoted *supra* note 12.

**16.** See *id.*; see also *In re Burwell*, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666 (1956).

**17.** *Barefoot v. Estelle*, 463 U.S. 880, 892, 103 S.Ct. 3383, 3393, 77 L.Ed.2d 1090, 1103 (1983).

**18.** *Id.* at 893, 103 S.Ct. at 3394, 77 L.Ed.2d at 1104 (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n. 2 (5th Cir.1971), cert. denied, 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed.2d 126 (1972)).

**19.** See D.C.Code Ann. § 23–110 (1981), providing:
(a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.
(b) A motion for such relief may be made at any time.
(c) Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting authority, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court finds that (1) the judgment was rendered without jurisdiction, (2) the sentence imposed was not authorized by law or is otherwise open to collateral attack, (3) there has been such a denial or infringe-

ment of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner, resentence him, grant a new trial, or correct the sentence, as may appear appropriate.
(d) A court may entertain and determine the motion without requiring the production of the prisoner at the hearing.
(e) The court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
(f) An appeal may be taken to the District of Columbia Court of Appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.
(g) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
Congress enacted § 23–110 as part of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, § 210(a), 84 Stat. 608. That legislation established a new system of courts for the District of Columbia and transferred to the Superior Court the District Court's general authority over local litigation. See *Swain v. Pressley, supra* note 7, 430 U.S. at 375 & n. 4, 97 S.Ct. at 1226–1227 & n. 4, 51 L.Ed.2d at 416 & n. 4; *Pernell v. Southall Realty*, 416 U.S. 363, 367–368, 94 S.Ct. 1723, 1725–1726, 40 L.Ed.2d 198, 204–205 (1974); *Palmore v. United States*, 411 U.S. 389, 392 n. 2, 93 S.Ct. 1670, 1673 n. 2, 36 L.Ed.2d 342, 348 n. 2 (1973).

**20.** D.C.Code Ann. § 23–110(f) (1981), quoted *supra* note 19.

*Pressley*,[21] the Supreme Court held that the District Court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully.[22] Consequently, although prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies,[23] a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is "inadequate or ineffective to test the legality of his detention."[24]

## III

■ In determining whether the local remedy is "inadequate or ineffective," we are guided by judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions.[25] The federal and local statutes are nearly identical in language, and functionally they are equivalent.[26] The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners,[27] and both remedies are commensurate with habeas corpus.[28] That judges of the Superior Court do not have the tenure and salary protection afforded federal judges [29] does not call for a different conclusion.[30] "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."[31]

It is well established in the federal circuits that a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction,[32] absent an intervening change in the law.[33] Any other rule would frustrate policies strongly favoring conservation of judicial resources and finality of judicial deci-

**21.** *Supra* note 7.

**22.** 430 U.S. at 377–378, 97 S.Ct. at 1228, 51 L.Ed.2d at 417–418.

**23.** See, e.g., 28 U.S.C. § 2254(b) (1982) ("An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. . . .").

**24.** D.C.Code Ann. § 23–110(g) (1981), quoted *supra* note 19; see *Swain v. Pressley, supra* note 7, 430 U.S. at 377–378, 97 S.Ct. at 1228, 51 L.Ed.2d at 417–418. Although the District of Columbia is treated as a state for some purposes, see, e.g., *Palmore v. United States, supra* note 19, 411 U.S. at 390–391, 93 S.Ct. at 1673, 36 L.Ed.2d at 347, it "is constitutionally distinct from the States," *id.* at 395, 93 S.Ct. at 1675, 36 L.Ed.2d at 350, and § 23–110 trades on that distinction.

**25.** See 28 U.S.C. § 2255 (1982), providing in pertinent part:

An application for a writ of habeas corpus in behalf of a [federal] prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

**26.** *Swain v. Pressley, supra* note 7, 430 U.S. at 377 n. 9, 97 S.Ct. at 1228 n. 9, 51 L.Ed.2d at 418 n. 9; *Streater v. United States,* 429 A.2d 173, 174 (D.C.1980), *appeal dismissed and cert. denied,* 451 U.S. 902, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981).

**27.** See *Swain v. Pressley, supra* note 7, 430 U.S. at 377 & n. 9, 97 S.Ct. at 1228 & n. 9, 51 L.Ed.2d at 418 & n. 9.

**28.** *Id.* at 381–382, 97 S.Ct. at 1230, 51 L.Ed.2d at 420.

**29.** See U.S. Const. art. III, § 1.

**30.** *Swain v. Pressley, supra* note 7, 430 U.S. at 382–383, 97 S.Ct. at 1230–1231, 51 L.Ed.2d at 421.

**31.** *Id.* at 383, 97 S.Ct. at 1230–1231, 51 L.Ed.2d at 421.

**32.** E.g., *Hardy v. United States,* 127 U.S.App.D.C. 162, 164, 381 F.2d 941, 943 (1967); *Chin v. United States,* 622 F.2d 1090, 1092 (2d Cir.1980), *cert. denied,* 450 U.S. 923, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981); *United States v. Orejuela,* 639 F.2d 1055, 1057 (3d Cir.1981); *Vernell v. United States,* 559 F.2d 963, 964 (5th Cir.1977), *cert. denied,* 435 U.S. 1007, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978).

**33.** See *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

sions.[34] The District of Columbia Court of Appeals has similarly held that resolution of an issue on direct review bars relitigation of that issue in a District of Columbia court.[35] Because the local statutory motion for vacatur of sentence is thus unavailable to appellant, he insists that the local remedy was inadequate and ineffective, and that therefore his habeas corpus petition in the District Court was proper.

This is not a case in which a District of Columbia prisoner has been deprived of a full and fair opportunity to litigate a colorable claim in the District of Columbia courts.[36] On the contrary, appellant pressed his Sixth Amendment argument on appeal to the District of Columbia Court of Appeals, although he did not prevail. Collateral review may be available to rectify an error not correctable on direct appeal, or when exceptional circumstances excuse a failure to assert the error on appeal.[37] But "it must be remembered that direct appeal is the primary avenue for review of a conviction or sentence,"[38] and mere lack of success on that appeal does not pave the way for collateral attack.[39] Habeas corpus is available to appellant, we repeat, only if "the remedy by motion is inadequate or ineffective to test the legality of his detention."[40] It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it.

We therefore reject appellant's argument that he was entitled to relitigate his Sixth Amendment claim in the District Court.

Appellant's habeas corpus petition thus lacks merit and, consequently, issuance of a certificate of probable cause to appeal is not warranted. Since without such a certificate this court has no jurisdiction over this appeal, we grant the Government's motion to dismiss.

*So ordered.*

---

**34.** See *United States v. Orejuela, supra* note 32, 639 F.2d at 1057.

**35.** *Atkinson v. United States, supra* note 10, 366 A.2d at 452–453.

**36.** Compare *Streater v. Jackson,* 223 U.S.App. D.C. 393, 394–395, 691 F.2d 1026, 1027–1028 (1982) (District of Columbia prisoner not afforded opportunity to litigate constitutional claim in District of Columbia courts).

**37.** See *United States v. McCord,* 166 U.S.App. D.C. 1, 8, 509 F.2d 334, 341 (*en banc* 1974), *cert. denied,* 421 U.S. 930, 95 S.Ct. 1656, 44 L.Ed.2d 87 (1975).

**38.** *Barefoot v. Estelle, supra* note 17, 463 U.S. at 887, 103 S.Ct. at 3391, 77 L.Ed.2d at 1100.

**39.** Cf. *Boyden v. United States,* 463 F.2d 229, 230 (9th Cir.1972), *cert. denied,* 410 U.S. 912, 93 S.Ct. 974, 35 L.Ed.2d 274 (1973) (lack of success on § 2255 motion does not render remedy inadequate or ineffective); accord *Litterio v. Parker,* 369 F.2d 395, 396 (3d Cir.1966); *McGhee v. Hanberry,* 604 F.2d 9, 10–11 (5th Cir.1979).

**40.** D.C.Code Ann. § 23–110(g) (1981), quoted *supra* note 19.