948 F.2d 781
 292 U.S.App.D.C. 189
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Albert MICKENS, Jr., Appellant,
v.
Mark ROWLAND, Judge, et al.
 No. 91-7053.
 United States Court of Appeals,
District of Columbia Circuit.
 Sept. 3, 1991.
 
 Before BUCKLEY, SENTELLE and HENDERSON, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for appointment of counsel, and construing the notice of appeal as a request for issuance of a certificate of probable cause, it is
 
 
 2
 ORDERED that the motion for appointment of counsel be denied. Except in a criminal trial and on appeal therefrom, appointment of counsel is exceptional and is wholly unwarranted when appellant has not demonstrated any likelihood of success on the merits. See D.C. Circuit Handbook of Practice and Internal Procedures 29 (1987). It is
 
 
 3
 FURTHER ORDERED that the request for issuance of a certificate of probable cause be denied and the appeal dismissed for lack of jurisdiction. A certificate of probable cause is a jurisdictional prerequisite to an appeal by a state prisoner from the denial of a federal habeas petition. Garris v. Lindsay, 794 F.2d 722, 724 (D.C.Cir.), cert. denied, 479 U.S. 993 (1986); 28 U.S.C. § 2253 (1988). A certificate of probable cause may issue only upon a "substantial showing of the denial of a federal right." Barefoot v. Estelle, 463 U.S. 880, 892 (1983). No such showing has been made here because Mickens failed to allege that he exhausted his state remedies, see 28 U.S.C. §§ 2241, 2254 (1988), and because Mickens failed to articulate a ground for his belief that he is unlawfully detained.
 
 
 4
 Because no appeal has been allowed, no mandate shall issue.