Janad F. SALEH, Petitioner,

v.

Bernard L. BRAXTON, Respondent.

Civ. A. No. 92–0517 (GHR).

United States District Court,
District of Columbia.

March 4, 1992.

Janad F. Saleh, pro se.

Bernard L. Braxton, pro se.

ORDER

REVERCOMB, District Judge.

Petitioner, who is presently incarcerated at the District of Columbia correctional facility at Lorton, Virginia, seeks a writ of habeas corpus under 28 U.S.C. § 2254. The grounds alleged are failure to provide a timely or adequate revocation hearing, and ineffective assistance of counsel at a preliminary parole hearing. Petitioner was incarcerated pursuant to a sentence imposed by the Superior Court for the District of Columbia upon a guilty plea. Because this Court lacks jurisdiction to enter-

tain the petition, the petition will be dismissed.

Section 2254 provides, in pertinent part:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process of the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Although the District of Columbia is not a state, Congress has provided prisoners incarcerated pursuant to a Superior Court sentence with a local remedy in District of Columbia Code § 23–110. This section provides that prisoners may collaterally challenge the legality of their sentence directly in the Superior Court and, if they are unsuccessful there, by appeal to the D.C. Court of Appeals. *See Garris v. Lindsay,* 794 F.2d 722, 725 (D.C.Cir.1986). The court of appeals has further declared that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.' " *Id.* Section 23–110 has been found to be adequate and effective because it is coextensive with habeas corpus. *See id.; Swain v. Pressley,* 430 U.S. 372, 377–82, 97 S.Ct. 1224, 1227–30, 51 L.Ed.2d 411 (1977). Petitioner's recourse, therefore, lies in the first instance in the D.C. Superior Court; this Court lacks jurisdiction to hear his petition.

Accordingly, the petition is DISMISSED, *sua sponte.*

SO ORDERED.