971 F.2d 765
 297 U.S.App.D.C. 302
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Claude S. DAVID, Jr., Appellant,
v.
James W. BRAGG.
 No. 91-5040.
 United States Court of Appeals, District of Columbia Circuit.
 July 22, 1992.
 
 Before MIKVA, Chief Judge, and HARRY T. EDWARDS and RUTH BADER GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's notice of appeal be construed as a request for a certificate of probable cause. See 28 U.S.C. § 2253; Fed.R.App.P. 22(b). It is
 
 
 3
 FURTHER ORDERED that the request for a certificate of probable cause be denied, and the appeal be dismissed for lack of jurisdiction. See Garris v. Lindsay, 794 F.2d 722 (D.C.Cir.), cert. denied, 479 U.S. 993 (1986) (appeal from the denial of a federal habeas petition may not proceed until a certificate of probable cause is issued). Appellant has attempted to relitigate here claims adjudicated in the Superior Court and the Court of Appeals for the District of Columbia. Although he claims exhaustion of his postconviction remedy in the local courts, appellant has failed to establish that the remedy was ineffective or inadequate to test the legality of his detention. See Swain v. Pressley, 430 U.S. 372, 380 (1977); Garris, 794 F.2d at 726; D.C.Code Ann. § 23-110(g) (1989 Repl.). Thus, the issuance of a certificate of probable cause is not warranted.
 
 
 4
 Because no appeal has been allowed, no mandate will issue.