Charles H. WILSON, Petitioner,

v.

OFFICE OF the CHAIRPERSON, DISTRICT OF COLUMBIA BOARD OF PAROLE, et al., Respondents.

Civ. A. No. 95–953 (CRR).

United States District Court,
District of Columbia.

June 29, 1995.

Charles H. Wilson, pro se.

John M. Facciola, Asst. U.S. Atty., with whom, Eric H. Holder, U.S. Atty., for District of Columbia, was on the Motion to Dismiss, for respondents.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court in the above-entitled cause is a Motion to Dismiss Petitioner's Application for a Writ of Habeas Corpus for lack of jurisdiction filed by the Respondent United States. Upon careful consideration of the parties' pleadings, the entire record herein, and the applicable law with respect thereto, the Court will GRANT the Respondent's Motion to Dismiss.

## I. BACKGROUND

Petitioner, convicted in 1981 in the District of Columbia Superior Court of five counts of Armed Robbery, one count of Assault, and one count of First Degree Burglary while Armed, and sentenced to fifteen to forty-five years of imprisonment, challenges the lawfulness of his continued custody by District of Columbia officials. Petitioner alleges that his trial counsel was ineffective.

Petitioner sought relief in the Superior Court, but his Motion to Vacate his Sentence under D.C.Code § 23–110 was denied without a hearing. Petitioner contends that the remedy afforded to him under D.C.Code § 23–110 is inadequate and ineffective to challenge the lawfulness of his confinement.

He accordingly seeks a writ of habeas corpus in this Court.

## II. DISCUSSION

As this Court recently noted in *Perkins v. Henderson*, 881 F.Supp. 55 (D.D.C.1995) (Richey, J.), "[t]he unique status of the District of Columbia precludes nearly all federal post-conviction review of District of Columbia Superior Court criminal convictions. It also prevents federal courts from entertaining habeas corpus petitions filed by prisoners in the custody of District of Columbia officials." *Id.* at 57. The Court is precluded by D.C.Code § 16–1901 from entertaining the instant Petition because the Petitioner is in the custody of District of Columbia officials.

### A. D.C.Code §§ 16–1901 and 23–110.

■ D.C.Code § 23–110 vests subject matter jurisdiction to entertain collateral attacks upon Superior Court sentences in that court. Thus, prisoners serving sentences imposed by the Superior Court must file motions challenging their sentences in that court; federal courts are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the District of Columbia Superior Court. *See Swain v. Pressley*, 430 U.S. 372, 377–78, 97 S.Ct. 1224, 1227–28, 51 L.Ed.2d 411 (1977); *Saleh v. Braxton*, 788 F.Supp. 1232 (D.D.C.1992).

D.C.Code § 23–110 is the functional equivalent of 28 U.S.C. § 2255. Section 2255, which authorizes the filing of a motion to vacate, set aside, or correct federal sentence in the court that sentenced the prisoner, is distinguishable from habeas corpus. Section 2255 is available only to attack the imposition of a sentence; an attack on the execution thereof may be accomplished only by way of habeas corpus.[1] Accordingly, a § 2255 mo-

---

1. *See Hartwell v. United States*, 353 F.Supp. 354, 357–58 (D.D.C.1972):

   It is well settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement. [A § 2255] motion may be maintained only if the judgment of conviction is itself subject to collateral attack. It may not be invoked for matters occurring subsequent to the judgment. If predicated on facts that exist-

   ed prior to the imposition of sentence, a motion under section 2255 may encompass all the grounds that might be included in a habeas corpus petition. Unlike the Great Writ, however, § 2255 is not plenary in its application.... [I]t has been consistently held that § 2255 is not available to question the action vel non of the Board of Parole or the Bureau of Prisons regarding the manner in which the prison sentence has been or was being executed, and [§ 2255] may not be used to challenge the validity of incarceration without parole

tion "may not be invoked for matters occurring subsequent to the judgment." *Hartwell*, 353 F.Supp. at 357. But, "[i]f predicated on facts that existed prior to the imposition of sentence, a motion under section 2255 may encompass all the grounds that might be included in a habeas corpus petition." *Id.; see Stirone v. Markley*, 345 F.2d 473 (7th Cir.) (grounds for motion to vacate sentence under § 2255 encompass all grounds that might be set up in an application for habeas corpus predicated on facts that existed at or prior to time of imposition of sentence), *cert. denied*, 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965).

"In a case where the Section 2255 procedure is shown to be 'inadequate or ineffective', the Section provides that the habeas corpus remedy shall remain open to afford the necessary hearing." *United States v. Hayman*, 342 U.S. 205, 222, 72 S.Ct. 263, 274, 96 L.Ed. 232 (1952). Still, a decision on a § 2255 motion is ordinarily required before a federal court will entertain a habeas petition. *See* 28 U.S.C. § 2255 (1988) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.")

D.C.Code § 23–110 similarly provides that "[a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 23–110] shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under [§ 23–110] or that the Superior Court has denied him relief, unless it also appears the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C.Code § 23–110(g) (1981); *see Alston v. United States*, 590 A.2d 511, 513 (D.C.App.1991) ("Under D.C.Code § 23–110, a prisoner may seek to vacate, set aside, or correct sentence.").

If unsuccessful on his or her motion in the Superior Court, the prisoner may take an appeal to the District of Columbia Court of Appeals. D.C.Code § 23–110(f) (1981); *see Garris v. Lindsay*, 794 F.2d 722, 725–26 (D.C.Cir.1986). However, District of Columbia prisoners have no recourse to any habeas corpus review unless they can demonstrate that the § 23–110 remedy is "inadequate or ineffective" to test the legality of their detention. D.C.Code § 23–110(g) (1981); *see Swain*, 430 U.S. at 378, 97 S.Ct. at 1228 (Congress created postconviction remedy in District of Columbia sentencing court; § 23–110 does not merely require exhaustion of that remedy, rather, habeas petition may not be entertained elsewhere absent demonstration that remedy is inadequate or ineffective); *Garris*, 794 F.2d at 727 ("Habeas corpus is available [to a petitioner] only if 'the remedy by motion [under § 23–110] is inadequate or ineffective to test the legality of his detention.' ").

The determination of whether the remedy available to a prisoner under § 23–110 is inadequate or ineffective hinges on the

since this is a challenge to the execution rather than the imposition of the sentence, habeas corpus being the proper remedy. Neither does the claim of excessive disciplinary treatment at a federal institution ... present a ground for relief under § 2255. (citations omitted). *Id.; see also* 28 U.S.C. § 2255, Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 1 Advisory Committee Notes ("The challenge of decisions such as the revocation of probation or parole are not appropriately dealt with under 28 U.S.C. § 2255, which is a continuation of the original criminal action. Other remedies, such as habeas corpus, are available in such situations."); *Mordecai v. United States*, 421 F.2d 1133, 137 U.S.App.D.C.

198 (D.C.Cir.1969) (Section 2255 "refers only to the sentence as imposed, as distinct from the sentence as it is being executed.... Section 2255 is not broad enough to reach matters dealing with the execution of sentence."), *cert. denied*, 397 U.S. 977, 90 S.Ct. 1098, 25 L.Ed.2d 272 (1970); *United States v. Mittelsteadt*, 790 F.2d 39, 40–41 (7th Cir.1986) (per curiam) ("Section 2255 provides the only procedure for challenging federal convictions and sentences; if a prisoner wants 'out' for some other reason his [or her] remedy is habeas corpus, and (with immaterial exceptions) the proper venue for the habeas corpus proceeding is the district where he [or she] is being held." (citations omitted)).

same considerations enabling federal prisoners to seek habeas review: 28 U.S.C. § 2255 and D.C.Code § 23–110 are coextensive.[2] A petitioner may not complain that the remedies provided him by D.C.Code § 23–110 are inadequate merely because he was unsuccessful when he invoked them. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *Garris,* 794 F.2d at 727; *see also David v. Bragg,* Civ.A. No. 90–2731, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991) ("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.").

▓▓▓ Mere delay by the District of Columbia Superior Court in deciding a Motion to Vacate or Correct a Sentence does not ordinarily render the remedy available under § 23–110 inadequate or ineffective. *Jackson v. Jackson,* 491 F.Supp. 445, 447 (D.D.C. 1980) (Flannery, J.) (where application for vacatur of sentence under D.C.Code § 23–110 remained unanswered for four months, the four months of near-inactivity warranted close review of the situation but such delay, without more, did not render the remedy inadequate or ineffective within the meaning of D.C.Code § 23–110(g)). Nor does the fact that motions under § 23–110 are entertained by term-tenured judges by the District of Columbia appointed by virtue of the grant of legislative authority over that territory in Art. I, § 8, cl. 17 of the Constitution, rather than life-tenured judges appointed under Article III. *Swain,* 430 U.S. at 382–83, 97 S.Ct. at 1230–31; *Garris,* 794 F.2d at 726.

▓▓▓ However, even if § 23–110 proves inadequate or ineffective to test the legality of a prisoner's detention, a second hurdle must be overcome prior to obtaining *federal* habeas review: D.C.Code § 16–1901.

Distinguishable from § 2255 and D.C.Code § 23–110, habeas corpus is the sole remedy available to federal and state prisoners challenging the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) (habeas corpus the sole remedy for challenging imprisonment or seeking speedier release); *Chatman–Bey v. Thornburgh,* 864 F.2d 804, 810 n. 5, 274 U.S.App.D.C. 398, 404 n. 5 (D.C.Cir.1988) (habeas corpus the sole remedy for challenging parole eligibility); *United States v. Monteer,* 556 F.2d 880, 880–81 (8th Cir.1977) (prisoner's request for restoration of good time credits challenges manner of execution of sentence, not sentence itself, and must be brought by habeas corpus). Habeas corpus is also the exclusive avenue available to a District of Columbia prisoner challenging the manner of execution of a sentence, rather than the sentence itself. *See Bennett v. Ridley,* 633 A.2d 824, 827 (D.C.App.1993) (challenge to parole revocation must be brought as habeas corpus action); *Alston,* 590 A.2d at 514 (Claims challenging the computation of a sentence may not be raised under D.C.Code § 23–110, rather "because such contentions concern the executive department's execution of a sentence, they must be raised in a habeas corpus petition."); *Jones v. Jackson,* 416 A.2d 249, 251 (D.C.App.1980) (challenge to parole procedures must be brought as habeas corpus). However, just as the ability of a prisoner to mount a collateral attack upon a Superior Court sentence is circumscribed by § 23–110, the habeas corpus relief available to prisoners incarcerated in District of Columbia facilities is circumscribed by D.C.Code § 16–1901.[3]

---

**2.** *See Swain,* 430 U.S. 372, 381–82, 97 S.Ct. 1224, 1229–30, 51 L.Ed.2d 411 (1977) ("the scope of the remedy provided by § 23–110 is the same as that provided by § 2255"); *Garris,* 794 F.2d at 726 (same); *Gregg v. United States,* 395 A.2d 36, 38 (D.C.App.1978) (noting that District of Columbia courts may "draw upon federal court interpretations of 28 U.S.C. § 2255 'which is substantially identical' to § 23–110" (quoting *Gibson v. United States,* 388 A.2d 1214, 1215 (D.C.App.1978))).

**3.** D.C.Code § 16–1901 provides:

(a) A person committed, detained, confined, or restrained from his lawful liberty within the District, under any color or pretense whatever, or a person in his behalf, may apply by petition to the appropriate court, or a judge thereof, for a writ of habeas corpus, to the end that the cause of the commitment, detainer, confinement, or restraint may be inquired into. The court or the judge applied to, if the facts set forth in the petition make a prima facie case, shall forthwith grant the writ, directed to the

Habeas petitions are directed to a prisoner's custodian. *See Braden v. 30th Judicial Circuit,* 410 U.S. 484, 495, 93 S.Ct. 1123, 1130, 35 L.Ed.2d 443 (1973) (habeas corpus requires that the court issuing the writ have jurisdiction over the custodian); *Schlanger v. Seamans,* 401 U.S. 487, 490–91, 91 S.Ct. 995, 998, 28 L.Ed.2d 251 (1971) (proper to dismiss habeas corpus petition where court lacks personal jurisdiction over petitioner's custodian). In all but extraordinary cases a petitioner's custodian is the warden of the facility where the petitioner is incarcerated. *See Guerra v. Meese,* 786 F.2d 414, 417 (D.C.Cir.1986) (wardens of the federal facilities at which they were confined, rather than Parole Commission, were custodians of the prisoners and were the proper respondents of the prisoners' habeas petitions).

D.C.Code § 16–1901 provides that, if the habeas petition is directed to a federal official, the petition is to be filed in the United States District Court for the District of Columbia.[4] If the petition is directed to any other official, the petition is to be filed in the District of Columbia Superior Court.[5]

Accordingly, prisoners convicted in the District of Columbia Superior Court and incarcerated in District of Columbia facilities must file their petitions in Superior Court, while prisoners convicted in Superior Court but incarcerated in federal facilities must file their petitions in the United States District Court for the District of Columbia. D.C.Code § 16–1901(b), (c).

The general requirement that a prisoner exhaust his local remedies is therefore distinguishable from the jurisdictional limitations imposed by the Court Reform Act. The former dictates that appeal of the Superior Court's denial of a § 23–110 motion or § 16–1901 petition to the District of Columbia Court of Appeals should be required before the United States District Court for the District of Columbia attempts to ascertain whether the local remedy is inadequate or ineffective; this allows a prisoner sentenced in the Superior Court to exploit fully his or her remedy in the District of Columbia courts.[6] The latter—together with the requirement that habeas petitions be brought in the district where the petitioner is confined on the date of filing—effectively elimi-

---

officer or other person in whose custody or keeping the party so detained is returnable forthwith before the court or judge.

(b) Petitions for writs directed to Federal Officers or employees shall be filed in the United States District Court for the District of Columbia.

(c) Petitions for writs directed to any other person shall be filed in the Superior Court for the District of Columbia.

*Id.* § 16–1901 (1981).

**4.** D.C.Code § 16–1901(b) (1981); *see, e.g., Drew v. Ridley,* 632 A.2d 405, 407 (D.C.App.1993) (Superior Court did not have jurisdiction under D.C.Code § 16–1901 to entertain habeas corpus petition because petitioner was still serving federal sentence when he filed his petition); *Jones,* 416 A.2d at 254 (petitioner who had been serving federal prison sentence which had not expired when parole violator warrant was issued against him by the federal parole commission was still in federal custody, and, therefore, Superior Court did not have jurisdiction over petition under D.C.Code § 16–1901 because the District of Columbia officials in charge of his incarceration were acting in their federal capacity).

**5.** *Id.* § 16–1901(c); *see Poole v. Kelly,* 954 F.2d 760 (D.C.Cir.1992) (subject matter jurisdiction over habeas petitions challenging District of Columbia parole eligibility determinations proper

in federal court, rather than District of Columbia courts, only for those inmates sentenced prior to effective date of District of Columbia Court Reform and Criminal Procedure Act of 1970); *David,* 1991 WL 21563, at *1 ("While prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum.").

**6.** *See, e.g., Miles v. Rollins,* 733 F.Supp. 128, 131 (D.D.C.1990):

[W]hen Petitioner is still in the process of collaterally challenging his Superior Court convictions pursuant to D.C.Code § 23–110, this Court is precluded from entertaining a petition for writ of habeas corpus 'unless it also appears that the remedy by [a § 23–110] motion is inadequate or ineffective to test the legality of his detention.' Petitioner has made no showing that his § 23–110 remedy which is now in the appellate process is inadequate or ineffective and accordingly this Court must dismiss his position to the extent that it challenges his Superior Court convictions.

*Id.; Coleman v. United States Bureau of Prisons,* 561 F.Supp. 35, 36 (S.D.N.Y.1982) (dismissing habeas corpus petition because petitioner failed to exhaust the remedy available to him before the District of Columbia courts under D.C.Code § 23–110).

nates the jurisdictional reach of the United States District Court for the District of Columbia regarding collateral attacks brought by prisoners sentenced in the Superior Court, whether styled as motions to vacate, set aside or modify a sentence, or petitions for habeas corpus.

### B. Because Petitioner is serving a District of Columbia Superior Court sentence in a District of Columbia facility, he is in the custody of a District of Columbia official and must therefore file his habeas petition in the Superior Court.

Petitioner cites *Swain v. Pressley*, 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977) for the proposition that, when the remedy available under § 23–110 is inadequate or ineffective, the United States District Court for the District of Columbia may entertain a District of Columbia prisoner's petition for a writ of habeas corpus. Complaint at p. 3. Petitioner further argues "that he falls squarely within that narrow exception contained in [D.C.Code § 23–110(g)], and recognized by the Supreme Court in *Swain v. Pressley*, ... as a prerequisite for jurisdiction in this court, namely that the remedy in the local courts has proven inadequate and ineffective to 'test the legality of his detention.'" Complaint at p. 3–4. However, Petitioner misconstrues *Swain* and the clear import of D.C.Code § 16–1901, which deprives this Court of jurisdiction to entertain the instant petition.

In *Swain*, a prisoner in custody pursuant to a sentence imposed by the Superior Court for the District of Columbia filed an application for a writ of habeas corpus in the United States District Court to the District of Columbia challenging the constitutionality of the proceedings that led to his conviction and sentence. 430 U.S. at 373–74, 97 S.Ct. at 1225–26. The question before the Supreme Court was "whether § 23–110(g) of the District of Columbia Code prevent[ed] the District Court from entertaining the application." *Id.* at 374, 97 S.Ct. at 1226.

The petitioner in *Swain* argued that § 23–110 merely requires the exhaustion of local remedies before the District Court could en-

tertain his application. *Id.* at 378, 97 S.Ct. at 1228. The Court disagreed, holding that § 23–110 does not set forth an exhaustion requirement, but rather that it generally prohibits the United States District Court for the District of Columbia from entertaining a collateral attack upon a Superior Court sentence. *Id.*

The secondary issue in *Swain* was whether such a prohibition works an unconstitutional suspension of the writ of habeas corpus in violation of Art. I, § 9, cl. 2 of the Constitution. *Id.* at 379, 97 S.Ct. at 1229. The Supreme Court held that it does not. *Id.* at 380–82, 97 S.Ct. at 1229–30.

Petitioner in the instant case points to language in *Swain* wherein the Supreme Court observed that § 23–110(g) "allows the District Court to entertain a habeas corpus application if it 'appears that the remedy by motion is inadequate or ineffective to test the legality of [the applicant's] detention.'" *Id.* at 381, 97 S.Ct. at 1229 (quoting D.C.Code § 23–110(g)). Petitioner argues that his remedy under § 23–110 is inadequate and ineffective to test the legality of his detention and that this Court therefore has jurisdiction to entertain his petition for a writ of habeas corpus. The Court disagrees.

The portion of the Supreme Court's Opinion in *Swain* that Petitioner quotes must be read in light of § 23–110(g) in its entirety, which subsection, in turn, operates in conjunction with D.C.Code § 16–1901. D.C.Code § 23–110(g) provides that

(g) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C.Code § 23–110(g) (1981). As discussed above, the operation of § 23–110 mirrors that of 28 U.S.C. § 2255. Both sections generally require a prisoner wishing to challenge the

lawfulness of his or her custody to file a Motion to Vacate, Correct or Modify his or her sentence. Only if that remedy is somehow inadequate or ineffective to challenge the lawfulness of his or her confinement can a prisoner seek a writ of habeas corpus.

An example of the proper invocation of habeas corpus is where a prisoner challenges the execution rather than the imposition of his or her sentence. *Hartwell, supra.* Because the remedy by motion is generally limited to matters occurring prior to or at the time of the imposition of sentence, it is therefore inadequate to address issues arising subsequent thereto. *Hayman, supra.*

■ However, as noted, even when a petitioner can make this threshold showing of inadequacy or ineffectiveness, he or she must still satisfy habeas corpus jurisdictional requirements. In order to entertain a petition for a writ of habeas corpus, a court must be able to exercise jurisdiction over the petitioner's custodian. *Guerra, supra.* The District of Columbia habeas statute further directs that, when the petition is directed to a District of Columbia official, it must be filed in the Superior Court. D.C.Code § 16–1901.

■ D.C.Code § 23–110(g) accordingly does not constitute a grant of jurisdiction to the United States District Court for the District of Columbia or any other court. Rather, like 28 U.S.C. § 2255, it merely declares that the inadequacy or ineffectiveness of the remedy by motion is a prerequisite to *any* court's entertaining a petition for a writ of habeas corpus filed by a prisoner challenging a sentence imposed by the District of Columbia Superior Court. It is D.C.Code § 16–1901, in turn, that governs jurisdictional issues surrounding petitions filed by such prisoners.

Because Petitioner is challenging a sentence imposed by the Superior Court and because he is in the custody of District of Columbia officials, he must therefore file his petition in the Superior Court. The Court is without jurisdiction to entertain the instant petition and it will accordingly GRANT the Respondent's Motion to Dismiss Petitioner's Application, WITHOUT PREJUDICE to re-filing in the District of Columbia Superior Court.

### III. CONCLUSION

Upon careful consideration of the parties' pleadings, the entire record herein, and the applicable law with respect thereto, the Court will enter an Order of even date herewith consistent with the foregoing Memorandum Opinion dismissing the above-entitled cause, without prejudice to refiling in the District of Columbia Superior Court.