UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STUART L. REIGLE,                    :

        Petitioner,                  :

v.                                   :          Civil Action No. 09 0263

LOUIS W. WINN, JR., WARDEN,          :

        Respondent.                  :

## MEMORANDUM OPINION

This matter comes before the Court on petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus.

In January 1991 in the Superior Court of the District of Columbia, a jury found Petitioner guilty of one count of rape and one count of kidnapping. Pet. at 2. The judge imposed a sentence of fifteen years to life imprisonment on each count to be served consecutively. *Id.* The District of Columbia affirmed his conviction on appeal, and Petitioner unsuccessfully challenged his conviction and sentence by other means. *See id.* at 2-3.

In this action, Petitioner challenges the subject matter jurisdiction of the Superior Court on the grounds that (1) the underlying offense occurred outside the boundaries of the District of Columbia; (2) the trial judge relied on inapposite caselaw and incorrectly construed federal law in his April 19, 2006 Order denying Petitioner's post-conviction motions. *See generally* Pet. Challenges of this nature must be brought by motion in the Superior Court under D.C. Code § 23-110. In relevant part D.C. Code § 23-110 provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner

1

(N)                                                                    3

who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). A prisoner's lack of success in his previous attempts to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Accordingly, the Court will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this date.

United States District Judge

Date: Jan . 28, 2009

2