**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CURTIS LEE WATSON,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| **v.** : | **Civil Action No. 09-1682 (RWR)** |
| : | |
| **SCOTT MIDDLEBROOKS, Warden,** : | |
| : | |
| **Respondent.** : | |

**MEMORANDUM OPINION**

Petitioner Curtis Lee Watson is a prisoner under sentence imposed by the Superior Court for the District of Columbia in 1978 who is currently confined at the United States Penitentiary Coleman I in Coleman, Florida. Proceeding pro se, Watson paid the filing fee and filed a habeas petition under 28 U.S.C. § 2241, challenging the validity of his conviction, alleging that his conviction stands on violations of his Sixth Amendment right to be present, his Eighth Amendment protection against double jeopardy, and the rules announced in *Brady v. Maryland,* 373 U.S. 83 (1963), and *Jencks v. United States,* 353 U.S. 657 (1957). *See* Pet. at 5. He has also applied to proceed in forma pauperis. For the reasons stated, the habeas petition will be dismissed for lack of jurisdiction, and the motion to proceed in forma pauperis will be denied as moot.

A prisoner under sentence imposed by the Superior Court is required to bring collateral challenges to his conviction and sentence in Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick,* 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such challenges). Here, it is clear that Watson challenged his Superior Court conviction by motion

made under D.C. Code § 23-110, and that his motion was denied. *See* Pet. at 3 (noting prior § 23-110 proceeding that was "dismissed"). "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion [under § 23-110] shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g).[1] In short, this court cannot entertain Watson's habeas petition unless he also demonstrates that the proceeding under § 23-110 was inadequate or ineffective.

Generally, "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton,* 788 F. Supp. 1232 (D.D.C. 1992); *accord Blair-Bey v. Quick,* 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence.").

> In determining whether the local remedy is 'inadequate or ineffective,' we are guided by judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions. The federal and local statutes are nearly identical in language, and functionally they are equivalent. The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with habeas corpus. That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion. "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."

---

[1] Unlike other prisoners convicted in state courts or those convicted in a United States District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson,* 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.").

*Garris v. Lindsay,* 794 F.2d at 726 (*quoting Swain v. Pressley,* 430 U.S.372, 382-83 (1977)) (footnotes omitted). The mere denial of relief by the local courts does not render the local remedy inadequate or ineffective. *See id.* at 727; *Charles v. Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); *Wilson v. Office of the Chairperson,* 892 F. Supp. 277, 280 (D.D.C. 1995).

Watson's instant habeas petition[2] does not demonstrate that a motion under § 23-110 is, or was, inadequate or ineffective to test the legality of petitioner's conviction and detention. Therefore, his habeas petition before this court must be dismissed for lack of jurisdiction. Because petitioner already paid the filing fee, his application to proceed in forma pauperis is unnecessary and will be denied as moot. A separate final order accompanies this memorandum opinion.

SIGNED this 25th day of September, 2009.

                         /s/
                     RICHARD W. ROBERTS
                     United States District Judge

---

[2] This is not the first habeas petition filed by Watson to be rejected by this court. A similar dismissal order reciting much of this same law was issued in *Watson v. Dorsey et al.,* Civil Action No. 99-2817 (D.D.C. Oct. 26, 1999).