UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KELVIN J. MILES,  :

Petitioner,  :

v.  :  Civil Action No.  **10 0808**

UNITED STATES OF AMERICA,  :

Respondent.  :

## MEMORANDUM OPINION

This matter comes before the Court on petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus.

Petitioner challenges his conviction in and the sentence imposed by the Superior Court of the District of Columbia generally on the grounds that he was denied a speedy trial and the effective assistance of trial counsel. Challenges of this nature must be brought by motion in the Superior Court under D.C. Code § 23-110. In relevant part D.C. Code § 23-110 provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v.*

1



*Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). A prisoner's lack of success in his previous attempt to collaterally attack his conviction or sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Accordingly, the Court will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this date.

_____
United States District Judge

Date: