**FILED**

**SEP - 9 2015**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MUHSIN HANIF ABDUR-RAHIIM,      )
                                )
                Petitioner,     )
                                )
                                )    Case: 1:15-cv-01471   (G Deck)
        v.                      )    Assigned To : Unassigned
                                )    Assign. Date : 9/9/2015
UNITED STATES OF AMERICA,       )    Description: Habeas Corpus/2241
                                )
                Respondent.     )
                                )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on petitioner's "Habeas Corpus Petition Pursuant to [28] U.S.C.

§2254." For the reasons discussed below, the petition will be denied.

In the Superior Court of the District of Columbia, petitioner was convicted by a jury on March 8,

1995, and was sentenced to three concurrent terms of imprisonment: 30 years to life for first degree

murder while armed, one year for carrying a pistol without a license, and five to 15 years for possession

of a firearm during a crime of violence. *See* Pet. at 5-6. On May 12, 1999, the District of Columbia

Court of Appeals affirmed his conviction on direct appeal. *Id.* at 6. Since then, petitioner persistently

has challenged his conviction and sentence. For example, on September 17, 1997, petitioner, by counsel,

filed a motion under D.C. Code § 23-110 in the Superior Court alleging ineffective assistance of trial

counsel; this motion was denied on November 16, 1998. Pet. at 7. He was no more successful with the

second and third § 23-110 motions he filed in the Superior Court, *see id.* at 7-8, or his motion in the

Court of Appeals to recall the mandate, *id.* at 6, or the habeas petition under 28 U.S.C. § 2254 filed in the

United States District Court for the Eastern District of Kentucky, *see* Pet. at 9, or the habeas petition

under 28 U.S.C. § 2241 he filed in the United States District Court for the District of New Jersey, *see*

Pet. at 9-10.

In the instant petition, petitioner again attempts to raise an ineffective assistance of trial counsel claim. This Court may to entertain a claim of trial court error or ineffective assistance of trial counsel only in limited circumstances, *see Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009), none of which is evident here. D.C. Code § 23-110 "entirely divest[s] the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a [§] 23-110 remedy available to them, unless the petitioner could show that the [§] 23-110 remedy was 'inadequate or ineffective.'" *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (citing D.C. Code § 23-110(g)); *see Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006) (stating that D.C. Code § 23-110 "provided the petitioner with a vehicle for challenging his conviction based on the alleged ineffectiveness of his trial counsel"); *see also Garmon v. United States*, 684 A.2d 327, 329 n.3 (D.C. 1996) ("A motion to vacate sentence under [§] 23-110 is the standard means of raising a claim of ineffective assistance of trial counsel.").

Petitioner has availed himself of the remedies available to him in the District of Columbia courts -- by direct appeal, by motion in the Court of Appeals to recall the mandate, and by motion in the Superior Court under § 23-110. His lack of success does not render his local remedies inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

To the extent petitioner has raised an ineffective assistance of counsel claim as to counsel retained to represent him in the Superior Court for his first § 23-110 motion, the claim fails. While a criminal defendant enjoys a right to the effective assistance of counsel on his first appeal as of right, *Evitts v. Lucey*, 469 U.S. 387, 396 (1985), there is no such constitutional entitlement to effective assistance of counsel in state collateral proceedings, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

Petitioner has no recourse in this federal district court. The Court will deny the petition and dismiss this action. An Order is issued separately.

DATE: 9/1/2015

_____
United States District Judge