# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

**JUN 2 6 2017**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| JONATHAN MACK, | ) |
| | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Civil Action No. 17-1120 (UNA) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus. The petitioner is serving a 32-year term of imprisonment imposed by the Superior Court of the District of Columbia on his conviction of first degree murder while armed and related firearms offenses. *See* Pet. under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ¶¶ 1-3. According to the petitioner, trial counsel was ineffective because he failed to seek a jury instruction as to the petitioner's intoxication at the time of the murder. *Id.* ¶ 12; *see* Mot. Under 28 U.S.C. § 2254(a) at 2-7. It appears that the petitioner unsuccessfully raised this claim in a post-conviction motion in the Superior Court, and this decision has been affirmed on appeal. *See Mack v. United States*, No. 13-CO-863 (D.C. Ct. of App. Jan. 12, 2015) (per curiam)).

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized

by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991); *see Rahim v. U.S. Parole Comm'n*, 77 F. Supp. 3d 140, 146 (D.D.C. 2015) (noting that claim that trial counsel was effective is "routinely brought pursuant to § 23-110"). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," *id.* § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-110(a).").

The petitioner does not demonstrate that the remedy available to him under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his conviction and subsequent incarceration. His lack of success on a prior collateral attack on his conviction does not render his local remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995). Therefore, the petitioner has no recourse in this federal district court. *See Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986); *Ankhamen v. United States*, No. 11-cv-1747, 2012 WL 689109, at *1 (D.D.C. Mar. 1, 2012).

The Court will grant the petitioner's application to proceed *in forma pauperis* and will dismiss his petition for a writ of habeas corpus. An Order accompanies this Memorandum Opinion.

DATE: June 21 , 2017

_____
United States District Judge