959 F.2d 1101
 295 U.S.App.D.C. 97
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
James M. MURRAY a/k/a James Hines, Appellant,
v.
Douglas Stempson, Administrator USA, et al.
James M. Murray, a/k/a James Hines, Appellant,
v.
Douglas W. STEMPSON, Administrator; and United States of America.
James MURRAY, a/k/a James Hines, Appellant,
v.
Douglas STEMPSON, et al.
 Nos. 91-5091, 91-5167 and 91-5294.
 United States Court of Appeals, District of Columbia Circuit.
 March 4, 1992.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of appellant's motion for remand, motion for appointment of counsel, motion for assignment to a panel of jurist[s] of liberal principles and views, his motion to consolidate Case Nos. 91-5091 and 91-5167 and his motion to hold appeal in abeyance in Case No. 91-5091; appellees' motion to dismiss appeal and appellant's response, appellant's motion for certificate of probable cause, motion for appointment of counsel, his motion for assignment to a panel of jurist[s] of liberal principles and views and his motion to consolidate Case Nos. 91-5167 and 91-5091 in Case No. 91-5167; and appellee's motion to dismiss appeal and appellant's reply, and appellant's request for issuance of a certificate of probable cause, appellant's motion for appointment of counsel, his motion to consolidate Case Nos. 91-5091 and 91-5294, his motion to hold appeal in abeyance, and his motion for leave to file a supplemental response to appellee's motion to dismiss in Case No. 91-5294, it is
 
 
 2
 ORDERED that appellant's notice of appeal in Case No. 91-5091 be construed as a request for a certificate of probable cause. See 28 U.S.C. § 2253; Fed.R.App.P. 22(b). It is
 
 
 3
 FURTHER ORDERED that the requests for a certificate of probable cause in each of appellant's appeals be denied, and the appeals be dismissed for lack of jurisdiction. See Garris v. Lindsay, 794 F.2d 722 (D.C.Cir.), cert. denied, 479 U.S. 993 (1986) (appeal from the denial of a federal habeas petition may not proceed until a certificate of probable cause is issued). Appellant has attempted to relitigate here claims adjudicated in the Superior Court and the Court of Appeals for the District of Columbia. Although he claims exhaustion of his postconviction remedy in the local courts, appellant has failed to establish that the remedy was ineffective or inadequate to test the legality of his detention. See Swain v. Pressley, 430 U.S. 372, 380 (1977); Garris, 794 F.2d at 726; D.C.Code Ann. § 23-110(g) (1989 Repl.). Thus, the issuance of a certificate of probable cause is not warranted. It is
 
 
 4
 FURTHER ORDERED that the remaining motions be dismissed as moot.
 
 
 5
 Because no appeal has been allowed, no mandate will issue.