Charles E. BAILEY, Petitioner,

v.

Margaret QUICK et al., Respondents.

No. 2001–168 (RMU).

United States District Court,
District of Columbia.

Nov. 5, 2001.

Charles E. Bailey, Lorton, VA, Pro se.

Daniel Miller Cisin, Robert Daniel Okun, U.S. Attorney's Office, Carol Paskin Epstein, Michael P. Bruckheim, Office of Corporation Counsel, Washington, DC, for Respondents.

## MEMORANDUM OPINION

DISMISSING WITHOUT PREJUDICE
THE PETITIONER'S PETITION
FOR HABEAS CORPUS

URBINA, District Judge.

### I. INTRODUCTION

This matter comes before the court on Charles E. Bailey's ("the petitioner") petition for a writ of habeas corpus and the District of Columbia's ("the respondent") response and motion to dismiss. The petitioner seeks a writ of habeas corpus, arguing that the procedures utilized by the respondent, with respect to the revocation of the petitioner's parole, violated his due-process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

After consideration of the parties' submissions and the relevant law, the court concludes that the petitioner has not exhausted his available remedies within the District of Columbia's court system. Accordingly, the court will deny without prejudice the petitioner's request and dismiss the petition.

## II. BACKGROUND

### A. Factual Background

By way of background, the petitioner was a parolee who was originally sentenced by the District of Columbia Superior Court to a sentence range of six-and-a-half to nineteen-and-a-half years of incarceration for convictions of assault with the intent to rob while armed, receiving stolen property, and the unauthorized use of a vehicle. *See* Compl. at 2; Def.'s Resp. at 1. On February 5, 1999, while on parole from this sentence, a warrant was issued for the petitioner's arrest for alleged parole violations.[1] The warrant was executed and the petitioner was re-arrested on May 12, 1999. *See* Def.'s Resp. at 2. In accordance with applicable law, the District of Columbia Board of Parole ("BOP") scheduled a revocation hearing for September 16, 1999. *See id.* According to the petitioner, the following people were present at this revocation hearing: Examiner. Jasper Clay; Parole Officer Jolyn Hopson, D.C. Metropolitan Police Officers Sloan, Ramadhon and Donald Braman, a witness on the petitioner's behalf, the petitioner, and counsel for the petitioner. *See* Compl. at 3. After hearing the evidence, Examiner Clay recommended that the "petitioner's parole be revoked for criminal and non-criminal violations, and that he be reconsidered for parole by November 12, 2000." Def.'s Resp. at 2. Subsequently, on September 24, 2000, BOP officially revoked the petitioner's parole. *See id.* at 3. On January 25, 2001, the petitioner filed the present petition seeking a writ of habeas corpus. *See* Compl. at 1.

### B. Procedural History

By way of procedural history in the case, the pending petition was filed with the court on January 25, 2001. Petitioner, proceeding *pro se,* failed to serve the United States with a copy of the petition naming Margaret Quick among other members of BOP as respondents to the action, and also naming the United States Parole Commission as a respondent. Noting that the petitioner was a *pro se* litigant and currently incarcerated, the court issued an Order on February 6, 2001, instructing the Clerk's office to forward a copy of the petition to the United States, directing the United States to file a *praecipe* with the court by February 16, 2001, and further ordering the United States to file a response to the petition no later than February 26, 2001. *See* Order dated February 6, 2001. In response to the court's Order, the United States filed a notice of appearance in the case on February 16, 2001. Shortly thereafter, on February 20, 2001, the United States filed papers asserting that the United States was not the proper respondent to the proceeding since the petitioner advanced no claims against the United States government or its agents. *See* Def.'s. Resp. to Order to Show Cause at 1. This filing also indicated that the United States would forward the petition to the proper agency within the District of Columbia for appropriate action.

---

1. The arrest warrant for the petitioner alleged the following violations of his parole: (1) possession of illegal narcotics (heroin); (2) possession of a controlled dangerous substance (cocaine); and, (3) possession with the intent to distribute (both cocaine and heroin). *See* Compl. at 2–3; Def.'s Resp. at 1–2. On February 8, 1999, two additional charges were added to the petitioner's alleged violations. They include the use of an opiate and failure to report to probation as directed. *See id.;* Def.'s Resp. at 2.

On March 19, 2001, the District of Columbia's Corporation Counsel filed papers indicating that the claims of the petitioner should be dismissed for failure to make out a prima-facie case and as an attempted collateral attack on the merits of BOP's decision to revoke parole. *See* Def.'s Resp. at 3–6.[2] Upon realizing *sua sponte* that potential problems with jurisdiction may exist in the case, the court requested additional briefing on the issue of whether the court has jurisdiction over the petitioner's petition under D.C.Code section 16–901.[3] Having received the requested materials, the case is now ripe for judgment.

## III. ANALYSIS

### A. Legal Standard

■ This case presents a very distinct issue, namely, whether the petitioner has lodged his claim in the proper court. While the federal courts have the power to grant habeas relief to prisoners convicted and imprisoned under state law, proper respect for state and local court authorities mandates that federal courts refrain from doing so until all state and local remedies have been exhausted. *See Irvin v. Dowd*, 359 U.S. 394, 404–05, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959); *see also* 28 U.S.C. § 2254 (2000). The Supreme Court has explained that requiring a prisoner to exhaust his local remedies is designed to "protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *See Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–491, 93 S.Ct. 1123, 35 L.Ed.2d 443, (1973)). It is with these principles in mind that the court reviews the pending habeas petition and the respondent's contention that the petition should be dismissed.

### B. Dismissal Without Prejudice

#### 1. Jurisdictional Analysis

■ In this case, the petitioner's writ is not directed to a Federal officer or employee. Margaret Quick, the named respondent, is the chair of BOP, a district (or non-federal) position. As such, she falls under the "any other person" provision of section 16–1901(c). *See* D.C.Code § 16–1901(c). On its face, section 16–1901(c) requires the filing of this petition in Superior Court. *See id.* In the case of *Blair–Bey v. Quick*, 151 F.3d 1036, 1050 (D.C.Cir.1998), however, the D.C. Circuit disagreed by holding that section 16–1901 does not bar federal courts from hearing habeas petitions filed by petitioners convicted in Superior Court. *See id.* at 1050. Indeed, *Blair–Bey* stands for the proposition that the federal habeas statute, 28 U.S.C. § 2241, is unaffected by the corresponding D.C. statute. *See id.* Therefore, habeas petitioners filing in the District of

---

2. While the court understands the time element that is inherent in moving documents between offices, the court also notes with great displeasure that the Corporation Counsel's office filed an untimely response without first seeking leave of the court. The court notes that a party's failure to heed future court orders may result in rejection of proposed filings.

3. D.C.Code § 16–1901(a) provides that "a person committed, detained, confined or restrained from his lawful liberty within the District ... may apply by petition to the appropriate court ... for a writ of habeas corpus, to the end that commitment, detainer, confinement, or restraint may be inquired into." *See* D.C.Code § 16–1901(a). Pursuant to D.C.Code section 16–1901(b), "[p]etitions for writs directed to Federal officers and employees shall be filed in the United States District Court for the District of Columbia." *See* D.C.Code § 16–1901(b). Most significant to this case is D.C.Code § 16–1901(c), which provides that "[p]etitions for writs directed to any other person shall be filed in Superior Court for the District of Columbia." *See* D.C.Code § 16–1901(c).

Columbia can assert, as the petitioner did here, jurisdiction under 28 U.S.C. § 2241 and file their petition in either this court or Superior Court. *See id.* at 1045.

### 2. Exhaustion of Remedies

■ The mere existence of jurisdiction alone does not allow this court to rule on the merits of the petition. The fact that the petitioner is serving a sentence imposed by the Superior Court, arising under violations of the D.C.Code and not federal law, leads this court to conclude that the petitioner must first file his petition for a writ of habeas corpus with Superior Court before seeking relief from this court. *See Irvin,* 359 U.S. at 405, 79 S.Ct. 825 (holding that the potential conflict between federal and state habeas cases required exhaustion of state remedies before intervention by federal courts). Further, while the District of Columbia is not a state, *per se,* it does possess all the characteristics of a state court system. For this reason, the D.C. Circuit has stated that the same deference shown to state courts, namely, requiring prisoners to exhaust their local remedies before bringing their claims to the federal forum, should also be shown to D.C. courts. *See Maddox v. Elzie,* 238 F.3d 437, 440 (D.C.Cir.2001) (citing *Garris v. Lindsay,* 794 F.2d 722 (D.C.Cir.1986)) (holding that the appeal requirements for habeas petitioners convicted in Superior Court are treated as a detention and sentence arising out of a state court); *see also* 28 U.S.C. § 2253(c)(1). Simply put, the petitioner must file his habeas petition with that judicial body before seeking relief from this court. *See id.* Therefore, the court dismisses the petition without prejudice until such time as the petitioner has exhausted all available remedies within the District of Columbia court system.

### IV. CONCLUSION

For the foregoing reasons, the court dismisses the petitioner's request for a writ of habeas corpus without prejudice. An Order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously executed and issued this 5th day of November 2001.