

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2009

# Wayne Costigan v. John Yost

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1327

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Wayne Costigan v. John Yost" (2009). *2009 Decisions.* Paper 1190.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1190

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-1327

———————

WAYNE COSTIGAN,

Appellant

v.

MR. JOHN YOST

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 08-cv-00198)
District Judge: Honorable Kim R. Gibson

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
May 29, 2009
Before:  SCIRICA, CHIEF JUDGE, WEIS and GARTH, Circuit Judges

(Opinion filed: June 11, 2009)

———————

OPINION

———————

PER CURIAM.

        Appellant Wayne Costigan, a federal prisoner incarcerated at the Federal

Correctional Institution in Loretto, Pennsylvania ("FCI Loretto"), pleaded guilty in United

1

States District Court for the Eastern District of New York to bank robbery in violation of 18 U.S.C. §§ 2113(a), and possession of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(I). On November 9, 2004, he was sentenced to a total term of imprisonment of 123 months, to be followed by five years of supervised release. The sentencing court assessed a $200.00 special assessment and ordered him to pay restitution in the amount of $103,118.00. The criminal judgment later was amended, on October 6, 2005, in ways not relevant to this appeal.

In August of 2008, Costigan filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in United States District Court for the Western District of Pennsylvania, the district where he is confined, and named Warden John Yost as the respondent. He contended in this petition that the firearms statute under which he was convicted was declared unconstitutional by the United States Supreme Court in District of Columbia v. Heller, 128 S. Ct. 2783 (U.S. 2008), and that section 924(c)(1)(A) is a "misreading" of the Commerce Clause. He also argued that the United States Sentencing Guidelines applied to his case have since been held unconstitutional, and that the sentencing judge was biased against gun owners. Last, he argued that the imposition of five years of supervised release is unlawful in his case because there was no motion for an upward departure of his sentence. Costigan sought immediate release from prison and observed that he could not now pursue a remedy under 28 U.S.C. § 2255 in the sentencing court because he missed the one-year deadline for filing such a motion, see 28 U.S.C. §

2255(f).

Following the submission of a response to the petition, the Magistrate Judge filed a Report and Recommendation, in which she recommended that the habeas corpus petition be dismissed for lack of subject matter jurisdiction. She reasoned in pertinent part that a collateral challenge to a conviction must be brought in the sentencing court in a motion to vacate sentence under 28 U.S.C. § 2255. In a judgment entered on January 20, 2009, the District Court adopted the Report and Recommendation as the Opinion of the Court, and dismissed Costigan's habeas corpus petition for lack of jurisdiction.

Costigan appeals. Our Clerk advised him that his appeal was subject to summary action, including summary affirmance, under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We have jurisdiction under 28 U.S.C. § 1291. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Our review is plenary. United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir. 1995).

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. Costigan may not resort to federal habeas corpus under 28 U.S.C. § 2241. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence. Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be

3

"inadequate or ineffective," a habeas corpus petition cannot be entertained by a court. See Application of Galante, 473 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not inadequate or ineffective so as to enable a prisoner to resort to federal habeas corpus merely because he is now beyond the time limit for filing such a motion. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). "It is the efficacy of the remedy, not the personal inability to use it, that is determinative." Id. (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.1986).

The safety valve provided under 28 U.S.C. § 2255 is narrow and is unavailable to Costigan under our decision in In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). In Dorsainvil, we held that a petitioner who asserted that his conviction was rendered invalid by Bailey v. United States, 516 U.S. 137 (1995), could seek relief under 28 U.S.C. § 2241 because the remedy by motion to vacate sentence was inadequate and ineffective. Unlike Bailey, Heller did not declare certain conduct, previously regarded as criminal, not criminal. Section 924(c)(1)(A)(I) provides, in pertinent part, that:

> [A]ny person who, during and in relation to any crime of
> violence or drug trafficking crime . . . uses or carries a
> firearm, or who, in furtherance of any such crime, possesses a
> firearm, shall, in addition to the punishment provided for such
> crime of violence or drug trafficking crime– (I) be sentenced
> to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(I). Costigan's conviction for possession of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(I), has not been invalidated by Heller.

4

Rather, <u>Heller</u> held only "that the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense." <u>See</u> 128 S. Ct. at 2821-22. The Court also made clear that "[l]ike most rights, the right secured by the Second Amendment is not unlimited." <u>Id.</u> at 2816. Heller did not address – let alone invalidate – section 924(c)(1)(A), and its reasoning does not render that statute unconstitutional. Costigan's assertion that section 924(c)(1)(A) is somehow unconstitutional as a misreading of the Commerce Clause is similarly unavailing. Section 924(c)(1)(A) is not unconstitutional as being beyond the scope of Congress's power under the Commerce Clause. <u>United States v. Brownlee</u>, 454 F.3d 131, 149 (3d Cir. 2006).

Costigan's second argument – that the Sentencing Guidelines under which he was sentenced are now unconstitutional – also fails to satisfy the requirements of <u>Dorsainvil</u>. Although the Supreme Court held in <u>United States v. Booker</u>, 543 U.S. 220 (2005), that the Sentencing Guidelines are advisory only, <u>Booker</u> is not applicable retroactively to cases on collateral review, <u>Lloyd v. United States</u>, 407 F.3d 608, 615-16 (3d Cir. 2005). Moreover, the safety valve of <u>Dorsainvil</u>, does not apply to <u>Booker</u> claims. <u>Okereke v. United States</u>, 307 F.3d 117, 120-21 (3d Cir. 2002). Costigan's final arguments that the sentencing judge was biased against gun owners and the imposition of five years of supervised release is unlawful in his case also fall outside the scope of <u>Dorsainvil's</u> limited exception and section 2255's savings clause.

5

For the foregoing reasons, we will summarily affirm the order of the District Court, dismissing Costigan's federal habeas corpus petition for lack of jurisdiction.