OPINION
PER CURIAM.
Appellant Raymond Jackson, a federal prisoner incarcerated in Pennsylvania, was indicted in United States District Court for the Southern District of New York, along with eleven co-defendants, in connection with his participation in a drug enterprise that engaged in murder, robbery and extortion. See Jackson v. United States, 2002 WL 1968328, at * 1 (S.D.N.Y. August 26, 2002). After the trial began, Jackson pleaded guilty to one count of conspiring to murder George Ford in aid of the racketeering enterprise, in violation of 18 U.S.C. § 1959(a)(5), and two counts of using and carrying a weapon in relation to the murders of Greg Hawkins and Sheila Berry, respectively, in violation of 18 U.S.C. § 924(c). See id. Jackson’s crimes exposed him to a term of imprisonment of 54 years, but, in exchange for his guilty plea, the government agreed to a term of imprisonment of only 35 years. See id. The agreement also provided that Jackson would give up his right to a direct appeal of the judgment of sentence, and right to challenge his conviction pursuant to a motion to vacate sentence under 28 U.S.C. § 2255. See id. Jackson was sentenced on July 7, 1999 to a term of imprisonment of 420 months.
*731 Despite the waiver of appellate rights, Jackson filed a section 2255 motion in the sentencing court at D.C. Civ. No. 01 Civ. 3967, contending that his counsel provided ineffective assistance in negotiating the guilty plea and sentence, and in not challenging the conviction on direct appeal. See id. The sentencing court denied the motion after reviewing the plea agreement and concluding that Jackson’s knowing and voluntary waiver of his right to appeal a stipulated sentence was enforceable. See id. at *2. The court held that Jackson was competent to enter the plea, understood the charges and the penalties that attached to each, and admitted the facts supporting the charges. See id. As to the weapons charges, in particular, Jackson admitted that he had provided the guns to be used to kill Hawkins and Berry, knowing the purpose for which they would be used, and in fact they were used for murder. See id. Jackson appealed the dismissal of his section 2255 motion to the Second Circuit Court of Appeals, C.A. No. 02-1649, and that court dismissed the appeal, agreeing with the sentencing court that the appellate waiver was enforceable. The Second Circuit, on March 7, 2006, denied Jackson’s motion to file a second or successive section 2255 motion grounded on the Supreme Court’s decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
On August 30, 2007, Jackson filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in United States District Court for the Middle District of Pennsylvania, see Jackson v. Sniezek, 2008 WL 4748247 (M.D.Pa. October 27, 2008). In this habeas corpus petition, he alleged that his two firearms convictions were invalid under Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Jackson’s “Bailey ” argument was that, because the substantive charges against him for the murders of Hawkins and Berry were dismissed as part of his plea agreement, the firearms convictions each lacked a predicate conviction. The district judge dismissed the habeas corpus petition for lack of jurisdiction, concluding that Jackson’s remedy pursuant to 28 U.S.C. § 2255 was not inadequate or ineffective to test the legality of his conviction and sentence. Our decision in In re: Dorsainvil, 119 F.3d 245 (3d Cir.1997) (petitioner who asserted that his conviction was rendered invalid by Bailey may seek relief under 28 U.S.C. § 2241), did not apply because Jackson did not argue that his conduct did not satisfy the “use” prong of section 924(c)(1), as interpreted by the Supreme Court in Bailey. See Jackson, 2008 WL 4748247, at * 3. Jackson did not appeal this decision.
At issue in the instant appeal, Jackson filed another petition for writ of habeas corpus under 28 U.S.C. § 2241, this time in United States District Court for the Western District of Pennsylvania. Relying on the Second Circuit’s interpretation of section 924(c)(l)(A)’s “except” clause in United States v. Whitley, 529 F.3d 150 (2d Cir.2008), Jackson raised a new claim that he was actually innocent of the mandatory consecutive sentences he received under section 924(c).[1] Following the filing of a Report and Recommendation by the Magistrate Judge, the District Court, in an order entered on May 8, 2009, denied the habeas coipus petition for lack of jurisdiction, concluding that Jackson’s remedy pursuant to 28 U.S.C. § 2255 was not inadequate or ineffective. Jackson has timely appealed.
Our Clerk advised Jackson that his appeal was subject to summary affirmance *732 under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. We have reviewed that submission.
We have jurisdiction under 28 U.S.C. § 1291. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Our review is plenary. United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir.1995).
We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence. Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be “inadequate or ineffective,” even a habeas corpus petition cannot be entertained by a court. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir.1971). Section 2255 is not inadequate or ineffective simply because Jackson is prevented by the gatekeeping requirements of the statute, see 28 U.S.C. § 2255(h), from litigating his most recent challenge to his conviction and sentence.[2] “It is the efficacy of the remedy, not the personal inability to use it, that is determinative.” Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir.2002) (per curiam) (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C.Cir.1986)). Moreover, the safety valve provided under 28 U.S.C. § 2255 is narrow, see Dorsainvil, 119 F.3d at 251, and would not apply here because Jackson does not claim that he was convicted for conduct later deemed to be noncriminal by a change in law. See id. at 251.[3]
*733 For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Jackson’s habeas corpus petition for lack of jurisdiction.

. Evidently, Jackson also unsuccessfully sought authorization to raise this claim in the Second Circuit Court of Appeals in December of 2008.

. A second or successive section 2255 motion must be authorized by a court of appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.” 28 U.S.C. § 2255(h). Jackson’s claim does not involve newly discovered evidence or a new rule of constitutional law.

. Section 924(c)(1)(A) provides that:
Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of Law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
18 U.S.C. § 924(c)(1)(A) (emphasis added). The applicable sentence must run consecutively to any other term of imprisonment. See id. § 924(c)(l)(D)(ii). The defendant in Whitley was subject to a mandatory minimum of 15 years imprisonment under 18 U.S.C. § 924(e). He also was subject to a mandatory consecutive sentence of 10 years pursuant to section 924(c). 529 F.3d at 152. The Second Circuit held that, read literally, the "except” clause meant that he was subject only to the 15-year mandatory minimum of the Armed Career Criminal Act; the 10-year mandatory consecutive weapons sentence did not apply. See id. at 153. Jackson’s claim, based as it is on Whitley, is not that he was convicted of conduct later deemed to be noncriminal by a change in law, and thus he may not resort to habeas corpus. Furthermore, in United States v. Abbott, 574 F.3d 203 (3d Cir.2009), *733 we joined the majority of other circuits which have flatly rejected Whitley's reasoning. Abbott holds that mandatory consecutive sentences for section 924(c) violations do apply to a defendant who receives a longer mandatory minimum under the ACCA. We reasoned that a comparison of the current and prior versions of section 924(c) establish that Congress intextded that an additional sentence be imposed consecutively to any other term of ixnprisonment when a crime of violence or drug trafficking crime involves a fireamx. 574 F.3d at 208. Read in context, section 924(c)'s ''except” clause x-efers only to other minimum sentences that may be imposed for violations of section 924(c), not separate offenses. See id.