Hozay ROYAL, Appellant

v.

UNITED STATES of America.

No. 09–3452.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Nov. 30, 2009.

Opinion file: Dec. 18, 2009.

Hozay Royal, Fort Dix, NJ, pro se.

Susan J. Steele, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Hozay Royal appeals from an order of the United States District Court for the District of New Jersey, which denied his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and the order denying his motion to alter or amend the judgment of dismissal pursuant to Fed.R.Civ.P. 59(e). Because the appeal raises no substantial question, we will affirm the District Court's orders.

Hozay Royal pleaded guilty, in the Eastern District of Pennsylvania, to use of an unauthorized access device with intent to defraud and was sentenced to a forty-one month term of imprisonment. Royal filed a direct appeal, which was dismissed because he had waived his appellate rights in the plea agreement. He then filed a pro se motion to correct his sentence, which was denied,[1] and a motion to alter or amend the denial of that motion, which also was denied.[2]

Royal is now confined at the Federal Correctional Institution at Fort Dix. He filed this petition pursuant to 28 U.S.C. § 2241, in the district of his confinement, challenging the length of his sentence

---

1. The District Court construed the motion as one filed under Rule 35 of the Federal Rules of Criminal Procedure.

2. Royal's appeal from those orders is docketed at C.A. No. 09–3466.

based on our decision in *United States v. Kennedy*, 554 F.3d 415 (3d Cir.2009). The District Court dismissed his petition after concluding that relief was not available under § 2241. Royal then filed a motion to alter or amend the judgment of dismissal pursuant to Fed.R.Civ.P. 59(e). The District Court denied his motion, and Royal timely appealed.

Royal claims that a remedy under 28 U.S.C. § 2255 is ineffective or inadequate because *Kennedy* was decided after the one-year statute of limitations for filing a § 2255 motion had already run, therefore making him unable to raise this claim in a § 2255 petition. A motion to vacate a sentence pursuant to 28 U.S.C. § 2255 is the presumptive means to collaterally challenge a federal conviction or sentence. Under the explicit terms of 28 U.S.C. § 2255, a habeas corpus petition cannot be entertained by a court unless a section 2255 motion would be "inadequate or ineffective." *See Application of Galante*, 437 F.2d 1164, 1165 (3d Cir.1971). The District Court correctly held that Royal's challenge to his sentence is within the scope of claims cognizable under § 2255, and thus he may not seek relief via a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[3] That *Kennedy* was decided after the time in which Royal could have filed a § 2255 motion does not render § 2255 inadequate or ineffective so that he may resort to habeas corpus relief under § 2241. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538–39 (3d Cir. 2002). "It is the efficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C.Cir.1986)).

For the foregoing reasons, we will summarily affirm the order of the District Court, dismissing Royal's federal habeas corpus petition for lack of jurisdiction.

---

**3.** In the rare case that § 2255 is "inadequate or ineffective" because some limitation of scope or procedure would prevent a § 2255 proceeding from affording a full hearing and adjudication of a claim, a federal prisoner may seek relief via 28 U.S.C. § 2241. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir.2002) (per curiam). *See also In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997). As explained in the District Court opinion, this is not the case here. *See* Dist. Court. Op., 7–9.