**Gary E. BYRD, Appellant,**

v.

**John S. HENDERSON and United States of America, Appellees.**

**No. 96–5273.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 1, 1997.

Decided July 25, 1997.

Michael L. Converse, Washington, DC, argued the cause for the appellant. Larry S. Gondelman, Washington, DC, was on brief.

Mary–Patrice Brown, Assistant United States Attorney, argued the cause for the appellees. Eric H. Holder, Jr., United States Attorney, and John R. Fisher, John M. Facciola and L. Jackson Thomas, II, Assistant United States Attorneys, were on brief. R. Craig Lawrence, Assistant United States Attorney, and Charles L. Reischel, Deputy Corporation Counsel, entered appearances.

Before: WALD, HENDERSON and TATEL, Circuit Judges.

Opinion for the court filed Per Curiam.

Per Curiam:

Appellant Gary Byrd petitioned the district court for a writ of habeas corpus, claiming that the District of Columbia Court of Appeals (Court of Appeals), in affirming the sentence imposed on him by the District of Columbia Superior Court (Superior Court), applied a harmless error analysis that violated Byrd's due process rights under the fifth and fourteenth amendments to the United States Constitution.[1] The district court dismissed the case for lack of subject matter jurisdiction on the ground that Byrd had an adequate and effective means of collaterally attacking his sentence by motion in the Superior Court and therefore was not entitled to a federal forum. We affirm the district court.

## I.

In 1985 Byrd was convicted in the Superior Court of two counts of assault with a dangerous weapon, in violation of D.C.Code § 22–502 (1981); one count of assault with

---

1. Defendant John Henderson, Warden of the Lorton Correctional Complex, is Byrd's custodian.

intent to kill while armed, in violation of D.C.Code § 22–501; and two counts of carrying a pistol without a license, in violation of D.C.Code § 22–3204. *Byrd v. United States,* 551 A.2d 96, 97 (D.C.1988), *cert. denied,* 493 U.S. 968, 110 S.Ct. 415, 107 L.Ed.2d 380 (1989). In his appeal to the Court of Appeals Byrd argued, *inter alia,* that the Superior Court jointly tried offenses relating to separate incidents in violation of Superior Court Criminal Rule 8(b) (Rule 8(b)).[2] The Court of Appeals held that the trial should have been severed but that the Superior Court's joinder error was harmless. *Byrd,* 551 A.2d at 99–101. Byrd's subsequent petitions for rehearing and rehearing en banc were denied, JA 48, as was his petition for certiorari to the United States Supreme Court, *Byrd v. United States,* 493 U.S. 968, 110 S.Ct. 415, 107 L.Ed.2d 380 (1989).

■ Seven years after the Supreme Court denied certiorari, Byrd filed a petition for writ of habeas corpus in the United States District Court for the District of Columbia. The basis of Byrd's petition was that the Court of Appeals's harmless error analysis, because it contradicted the standards established in *United States v. Lane,* 474 U.S. 438, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986), denied

Byrd his right to due process under the fifth and fourteenth amendments to the United States Constitution. A magistrate judge issued a report finding that the district court lacked jurisdiction and recommended dismissal. The district court accepted the magistrate judge's findings and dismissed Byrd's petition. The district court issued a certificate of probable cause and we therefore have jurisdiction to hear this appeal. Fed. R.App. P. 22(b).[3]

## II.

■ Before passage of the District of Columbia Court Reform and Criminal Procedure Act of 1970 (Court Reform Act), Pub.L. No. 91–358, 84 Stat. 473, a District of Columbia prisoner collaterally attacking his sentence sought relief in the United States District Court for the District of Columbia. *See Swain v. Pressley,* 430 U.S. 372, 375 n. 4, 97 S.Ct. 1224, 1226 n. 4, 51 L.Ed.2d 411 (1977) (describing limited jurisdiction of Superior Court before Court Reform Act). Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court—the Superior Court—pursuant to D.C.Code § 23–110.[4]

2. The rule, which is identical to Federal Rule of Criminal Procedure 8(b), "permits the joinder of offenses in a multiple defendant case, but only if the offenses 'are based on the same act or transaction or series of acts or transactions.'" *Byrd,* 551 A.2d at 99 (quoting *Ray v. United States,* 472 A.2d 854, 857 (D.C.1984)).

3. Under section 102 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, which amended 28 U.S.C. § 2253(c)(1), Byrd was required to obtain a "certificate of appealability" rather than a "certificate of probable cause." Because the substantive standards for the two are the same, we treat the district court's certificate of probable cause as the required certificate of appealability. *See Drinkard v. Johnson,* 97 F.3d 751, 756 (5th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997); *Herrera v. United States,* 96 F.3d 1010, 1012 (7th Cir.1996); *Reyes v. Keane,* 90 F.3d 676, 680 (2d Cir.1996); *Lennox v. Evans,* 87 F.3d 431, 434–35 (10th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 746, 136 L.Ed.2d 684 (1997).

4. Section 23–110 provides:
　(a) A prisoner in custody under sentence of the Superior Court claiming the right to be

released under the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.
　(b) A motion for such relief may be made at any time.
　(c) Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting authority, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court finds that (1) the judgment was rendered without jurisdiction, (2) the sentence imposed was not authorized by law or is otherwise open to collateral attack, (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner, resentence him, grant a new trial, or correct the sentence, as may appear appropriate.

Thus a District of Columbia prisoner bears a certain resemblance to his federal counterparts who must collaterally challenge their sentences, not by seeking a writ of habeas corpus in the district where they are in custody, but by motion pursuant to 28 U.S.C. § 2255 in the district where they were sentenced. Despite the similarity there is one obvious difference between a federal prisoner and a District of Columbia prisoner: a federal prisoner who seeks collateral relief pursuant to section 2255 is heard by an Article III court (i.e. the federal district court that imposed sentence) whereas a District of Columbia prisoner who seeks collateral relief pursuant to section 23–110 of the D.C.Code is heard by an Article I court (i.e. the Superior Court). In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not. Namely, he must show that the relief by motion in Superior Court pursuant to section 23–110 of the D.C.Code "is inadequate or ineffective to test the legality of his detention." D.C.Code § 23–110(g).

■ In his petition Byrd maintains that the Court of Appeals's application of the harmless error test to his misjoinder claim, *see United States v. Lane,* 474 U.S. 438, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986), was so arbitrary and capricious as to constitute a violation of his right to due process under the fifth and fourteenth amendments. He argues further that any remedy he may have by way of motion in Superior Court meets the "inadequate or ineffective" requirement because the Superior Court cannot review the proceedings of the Court of Appeals. *See Watson v. United States,* 536 A.2d 1056, 1060 (D.C.1987), *cert. denied,* 486 U.S. 1010, 108 S.Ct. 1740, 100 L.Ed.2d 203 (1988). Byrd's attack on the Court of Appeals's

harmless error analysis, however, is not a meritorious due process claim. Byrd repeatedly accuses the Court of Appeals of ignoring the *Lane* framework. But *Lane* did not, as Byrd suggests, set forth a three prong test for evaluating harmless error. *Lane* holds that misjoinder under Federal Rule of Criminal Procedure 8(b) does not always require reversal but instead is subject to harmless error analysis. In *Lane* the Court found that misjoinder was harmless on the facts. The Court listed three factors to support its conclusion: overwhelming evidence of the defendant's guilt; a proper limiting instruction to the jury; and the fact that evidence underlying the severed counts would likely have been admissible in each trial had separate trials taken place. *Lane,* 474 U.S. at 450, 106 S.Ct. at 732. But the Court did not state that all three factors had to exist to find harmless error. Instead, the Court held that error is not harmless if it " 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Id.* at 449, 106 S.Ct. at 732 (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). Here the Court of Appeals concluded misjoinder was harmless based only on the third *Lane* factor. *See Byrd,* 551 A.2d at 100–01. We think the Court of Appeals gave a reasonable reading to *Lane* and, accordingly, its decision comes nowhere near being so arbitrary and capricious as to deny Byrd due process. Byrd's attack on the Court of Appeals's harmless error analysis is thus at most a claim that the Court of Appeals's resolution of his Rule 8(b) claim was erroneous. Byrd cannot raise his claim of nonconstitutional error in Superior Court by motion for collateral relief because the Superior Court lacks the power to review the Court of Appeals's decision. *See Watson,* 536 A.2d at

(d) A court may entertain and determine the motion without requiring the production of the prisoner at the hearing.

(e) The court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

(f) An appeal may be taken to the District of Columbia Court of Appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

(g) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

1060. That does not, however, render Byrd's remedy by motion inadequate or ineffective to test the legality of his detention. *See Garris v. Lindsay,* 794 F.2d 722, 726–27 (D.C.Cir.), *cert. denied,* 479 U.S. 993, 107 S.Ct. 595, 93 L.Ed.2d 595 (1986). Accordingly, the district court's dismissal of Byrd's petition for a writ of habeas corpus is

*Affirmed.*