**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROBERT ANDREW REED,                    :

        Petitioner,                         :

        v.                                 :    Civil Action No.  **10 0807**

SIMON WAINWRIGHT,                       :

        Respondent.                         :

## MEMORANDUM OPINION

This matter comes before the Court on petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus.

Petitioner currently is detained at the D.C. Jail pending sentencing in a criminal case before the Superior Court of the District of Columbia.[1] In this action, petitioner challenges the subject matter jurisdiction of the Superior Court on the ground that he is not a United States citizen subject to its laws. The petition will be denied.

This Court not only lacks the authority to overturn a decision of a Superior Court judge, but also refrains from interfering with ongoing Superior Court proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)) ("The *Rooker-Feldman*

---

[1] Review of Superior Court public records (https://www.dccourts.gov/pa/), Crim. No. 2009-CF1-015815, reflects that a jury found petitioner guilty of unspecified offenses, and sentencing is set for May 21, 2010.

doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court."). Moreover, petitioner's challenge to his conviction and upcoming sentence properly is brought by motion in the Superior Court under D.C. Code § 23-110, not by habeas petition in this federal district court. "[A] District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

An Order is issued separately.

_____
United States District Judge

Date: 5/7/10