UNITED STATES DISTRICT COURT

FILED

APR 1 9 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Carlton Blount,                          )
                                         )
            Petitioner,                  )
                                         )
      v.                                 )      Civil Action No.  11 0743
                                         )
Eric C. Wilson,                          )
                                         )
            Respondent.                  )

MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on the petitioner's application for a writ of

*habeas corpus*, accompanied by an application to proceed *in forma pauperis*. The Court will

grant the application to proceed *in forma pauperis* and will dismiss the case for lack of

jurisdiction.

The petitioner is a prisoner at the United States Penitentiary in Pine Knot, Kentucky,

serving an aggregate sentence of 20 years to life imposed by the Superior Court of the District of

Columbia on June 29, 2001, following his convictions for several offenses. Petition for Writ of

Habeas Corpus ("Pet.") at 2. The petitioner claims that he was denied the effective assistance of

counsel on appeal to the District of Columbia Court of Appeals and that an "intervening change

in law makes [him] actually innocent[.]" *Id.* at 5.

It is established that challenges to a Superior Court judgment of conviction must be

pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43

(D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a

showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no

recourse to a federal judicial forum," *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert.*

*denied*, 479 U.S. 993 (1986) (internal footnote omitted). Under District of Columbia law,

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to
> apply for relief by motion pursuant to this section shall not be entertained by . . . any
> Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless
> it also appears that the remedy by motion is inadequate or ineffective to test the
> legality of his detention.

D.C. Code § 23-110(g). The petitioner unsuccessfully sought relief under § 23-110, Pet. at 3, on

"each ground . . . raised" here except as to his claim for "ineffective of appellant [sic] counsel

due to the fact the 23-110 does not give jurisdiction to the [S]uperior Court to entertain such

motion." Pet. at 6.

The petitioner's lack of success in the District of Columbia courts does not render his

local remedy inadequate or ineffective. *See Garris v. Lindsay*, 794 F.2d at 727; *Charles v.*

*Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases). Furthermore, this Court provides

no forum for the claim of ineffective assistance of appellate counsel because the petitioner has

neither stated nor shown that he moved in the District of Columbia Court of Appeals to recall the

mandate and his request was denied. *See Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir.

2009) (concluding that this Court would have jurisdiction over a "federal habeas petition

asserting ineffective assistance of appellate counsel after [the petitioner has] moved to recall the

mandate in the D.C. Court of Appeals[.]"); *Johnson v. Sullivan*, ___ F. Supp. 2d ___, ___, 2010

WL 4340856, at *10, n.5 (D.D.C. Oct. 29, 2010) ("Insofar as the plaintiff alleges ineffective

assistance of appellate counsel with respect to Sullivan's representation on direct appeal, this

claim . . . fails because his remedy would have been through a motion in the District of Columbia

Court of Appeals to recall the mandate.") (citations omitted); *Johnson v. Stansberry*, 2010 WL

358521, at *2 (D.D.C., Jan. 29, 2010) ("If Johnson did not move to recall the mandate, he has not

exhausted his local remedies and therefore no writ of habeas corpus may be granted.") (citing 28 U.S.C. § 2254(b)(1)(A). Lacking authority to entertain the petition, the Court will dismiss this case.[1]

United States District Judge

Date: April 14, 2011

---

[1] A separate Order of accompanies this Memorandum Opinion.