UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 3 0 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ROBERT ANDREW REED,     )
                             )
          Petitioner,       )
                             )
         v.              )     Civil Action No.   **11 1557**
                             )
D. BERKEBILE, Warden,     )
                             )
          Respondent.     )

## MEMORANDUM OPINION

Petitioner, who was tried by a jury, convicted and sentenced in the Superior Court of the District of Columbia, challenges that court's jurisdiction and the validity of the statutes under which he was prosecuted. Among other relief, petitioner demands his immediate release from custody.

Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S .C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention"). Petitioner challenge to his conviction and sentence may be brought by motion under D.C. Code § 23-110 in the Superior Court. *See Williams v. Martinez,*

3

586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a).").

Accordingly, the Court will deny the petition and dismiss this action. An Order is issued separately.

United States District Judge

DATE: 8/25/2011