UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

NOV 18 2011

Clerk, U.S. District and
Bankruptcy Courts

James F. McMillan,                    )
                                      )
            Petitioner,               )
                                      )
    v.                                )       Civil Action No.        11-2026
                                      )
United States of America,             )
                                      )
            Respondent.               )


## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on the petitioner's application for a writ of *habeas corpus,* accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

The petitioner is a prisoner at the United States Penitentiary McCreary in Pine Knot, Kentucky. He challenges the sufficiency of the evidence supporting his sodomy conviction entered by the Superior Court of the District of Columbia. *See* Petition for Writ of Habeas Corpus by a Person in Custody in the District of Columbia at 2, 5-6.

It is established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted). Under District of Columbia law, [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to

apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code §23-110(g). The petitioner has not shown that his local remedy is inadequate to address his claims. Therefore, this Court lacks jurisdiction over the instant petition. A separate Order of dismissal accompanies this Memorandum Opinion.

Beryl A. Howell
United States District Judge

Date: November 1v., 2011

2