**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

)
DONALD LEWIS DAVIS,       )
                      )
      Petitioner,     )
                      )
     v.         )     Civil Action No. 14-0613 (RBW)
                      )
LOUIS W. WINN, JR.,     )
                      )
      Respondent.    )
_____  )

**MEMORANDUM OPINION**

The petitioner has filed a form petition captioned: Petition for Writ of Habeas Corpus by a Person in Custody in the District of Columbia ("Pet.") [Dkt. # 1]. Although the petitioner is incarcerated at the United States Penitentiary in Tucson, Arizona, and, thus, is not "in the District of Columbia," he is challenging a prison sentence of 25 years imposed by the Superior Court of the District of Columbia on March 30, 2012, following a plea of guilty. *See* Pet. at 2. Having considered the petition, the Court finds that it lacks jurisdiction and will dismiss this case.

The petitioner's stated grounds for relief are as follows:

> GROUND ONE: . . . The Constitution of the United States has no inherent authority over me, and I am not a party to it.
> GROUND TWO: . . . I am a (natural born) Human-Being and not a surety/agent.
> GROUND THREE: . . . [The] Public Defender . . . did not consider, nor examine and investigate any possible mental health issues concerning me.
> GROUND FOUR: . . . I was not legally competent to sign a reasonable and obligatory plea agreement, nor was I legally competent to make a plea.

Pet. at 5-6. These grounds constitute a collateral challenge to the petitioner's Superior Court conviction and sentence.

1

It is settled that unlike federal and state prisoners, "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention' " *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). This is so because D.C. Code § 23–110 (2001) authorizes a District of Columbia prisoner to file a motion "to vacate, set aside, or correct [a] sentence on any of four grounds" challenging its constitutionality, *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991), and this local remedy "has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992) (citing *Garris*, 794 F.2d at 725; *Swain v. Pressley*, 430 U.S. 372, 377-82 (1977)).

A motion under § 23-110 must therefore be filed in the Superior Court, and

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23–110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). Because the petitioner has raised claims that are cognizable under § 23-110 and has not alleged, let alone shown, that the local remedy is ineffective or inadequate, the Court concludes that it lacks jurisdiction over the instant petition.[1]

_____s/_____
Reggie B. Walton
DATE:   June 25, 2014                    United States District Judge

---

[1] A separate Order of dismissal accompanies this Memorandum Opinion.