FILED

JUN 19 2015

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Frank Johnson,

        Petitioner,

      v.

United States,[1]

        Respondent.

Case: 1:15-cv-00945
Assigned To : Unassigned
Assign. Date : 6/19/2015
Description: Habeas Corpus

MEMORANDUM OPINION

Petitioner is a prisoner incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania. He has submitted a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," in which he challenges a conviction entered by the Superior Court of the District of Columbia. *See* Pet. ¶¶ 1-2. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not ."). Petitioner's recourse lies in the Superior Court via proceedings under D.C. Code § 23-110.

---

[1] The petition does not name a respondent, but the *in forma pauperis* application lists the United States. Hence, the Court, *sua sponte*, has added the United States to the case caption.

4

*See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998) (describing § 23-110 as "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence"); *Byrd*, 119 F.3d at 36-37 ("Since passage of the Court Reform Act [in 1970], . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court - the Superior Court - pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). This local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)," *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), including a claim of ineffective assistance of trial counsel. *See Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 123-25 (D.D.C. 2011).

To the extent that petitioner is raising a claim of ineffective assistance of appellate counsel, which is not a viable claim under D.C. Code § 23-110, it appears that petitioner has not exhausted that claim by filing a motion in the District of Columbia Court of Appeals to recall the mandate. *See* Pet. ¶ 10 (indicating no further petitions beyond a direct appeal). And the exhaustion of available state remedies is a prerequisite to obtaining relief under § 2254. *See* 28 U.S.C. § 2254(b)(1); *Martinez*, 586 F.3d at 999 (noting that "we clarified that after 'a cogent ruling from the D.C. Court of Appeals concerning local relief, if any . . . the District Court will be in a position to rule intelligently on [petitioner's] federal petition for habeas corpus.' ") (quoting *Streater v. Jackson*, 691 F.2d 1026, 1028 (D.C. Cir. 1982)).

2

Because the petitioner has not shown that his local remedy is inadequate to address his claims, this habeas action will be dismissed for want of jurisdiction. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: June 12, 2015

3